SALEM GLASS WORKS v. MARGRET MULLER (IM-PLEADED, ETC.).

Argued January 16, 1929—Decided October 14, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justice PARKER.

For the plaintiff, Harry R. Cooper.

For the defendant, Joseph Silverstein.

PER CURIAM.

The suit in its present aspects is against the alleged endorser of two trade acceptances in the hands of the plaintiff as a holder in due course. The only question argued is one of fact, and is whether the endorsements appearing to be those of the defendant, Margret Muller, are her proper endorsements. She is a woman over eighty years of age and, being sworn as a witness, denied the genuiness of her signature, and it was not claimed that it had been signed by anyone else with her authority. The witness Wentworth for the plaintiff testified with much particularity about visiting Mrs. Muller at her house and seeing her sign the two endorsements, using a pen and ink which her grandson, Ray Muller, according to Wentworth's testimony, produced for that purpose. This is the only evidence before us of the genuiness of Mrs. Muller's signature and it is flatly contradicted by her testimony. Ray Muller was not sworn by either party as a witness, no expert of any handwriting was called in, nor was any ordinary witness who claimed to be familiar with Mrs. Mul-

ler's signature or with her handwriting. Mrs. Muller, at the suggestion of her counsel, made specimens of her writing at the trial which were put in evidence and which were used by the jury, but are not submitted to us, nor are the trade acceptances nor the photostatic copies thereof which seem to have been used at the trial. Under these circumstances we are clear that the verdict of the jury on this question of fact should not be disturbed, even though the court charged the jury (erroneously as it seems to us) that the burden was upon Mrs. Muller to show that her signature was fraudulent. The remarks of the court touching the age of the defendant and the possibility that the Court of Chancery should look over her interests, may have been superfluous and perhaps ill-advised; but in our judgment they are not a sufficient justification for setting aside this verdict.

The rule to show cause will therefore be discharged.